# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DORSEY,<br><br>    Plaintiff,<br><br> v.<br><br>COUNTY OF KERN, *et al.*,<br><br>    Defendants. | Case No.  1:25-cv-00395-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 6)<br><br>**FOURTEEN (14) DAY DEADLINE** |

I. **Background**

Plaintiff Thomas Dorsey ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On December 17, 2025, the Court screened the complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim under 42 U.S.C. § 1983.  (ECF No. 6.)  The Court issued an order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and

1

for failure to state a claim. (*Id.*) Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

## II.    Failure to State a Claim

### A.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B.    Plaintiff's Allegations

Plaintiff is currently housed at Lerdo Justice Facility, where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) the County of Kern, (2) the County of Kern Sheriff Office, (3) Danny Youngblood, Sheriff, (4) John/Jane Doe, Chief of Facilities Operations.

///

2

In claim 1, Plaintiff alleges he was denied his right to seek redress without retaliation. Plaintiff alleges that the County of Kern, the Kern County Sheriff's Office, Sheriff Donny Youngblood and the Chief of Facilities Operations sued as John/Jane Doe, are the policy decision making authorities. They instituted policies that mandated Plaintiff to be standing at his cell door, fully dressed, to be counted eight times a day. The defendants, upon receiving numerous complaints, then deregulated the standing counts from eight to four times a day due to Defendants claiming issue with "some" inmates being denied sleep (meaning Plaintiff). However, with this deduction, now counting Plaintiff four times a day, came with Defendants additionally taking away 2 hours of the inmate population's recreation time, to wit, instead of being locked down at 11. PM., the time has been reduced to 9:00 PM. The court will learn that defendants had no threat to security or any other substantial or penological risks that were not clearly being dealt with prior to the deduction of two hours. Plaintiff believes this is arbitrary and capricious deduction of recreation time of two hours. Plaintiff contends the deduction is retaliatory in nature with no logical explanation other than wanting to afford inmates more sleep.

The Plaintiff was injured having been stripped of a privilege of 2 hours of recreation time that included phones, television, program viewings, and other deprivations.  Plaintiff contends that the eight times a day standing counts placed Plaintiff as a target of reprisal from other inmates, resulting in fear and other emotional distress that is having an adverse effect on Plaintiff's other physical health issues.

In claim 2, Plaintiff alleges County of Kern, the Kern County Sheriff's Office, Sheriff Donnie Youngblood, and Chief of Facility Operations John/Jane Doe are those with policy decision making authority. They reduced recreation time by two hours. (i.e., time allowed for being locked out from our cells) due to the influx of complaints from inmates about mandating inmates to be standing at cell doors fully dressed eight times a day. This has virtually made Plaintiff and those like Plaintiff to become targets of reprisal from fellow inmates. Plaintiff and others submitted complaints and a lawsuit regarding the eight times a day, mandatory standing, fully dressed counts. Defendants should have known or knew of the injurious repercussions that could ensue by making such a two hour deduction of recreation time, and could and/or would

create a hostile perilous environment for Plaintiff. Defendants refused any of Plaintiff's appeals regarding the imperiling climate they were creating. It was only a matter of time before a physical altercation occurred and putting fear in Plaintiff.  The named Defendants compromised Plaintiff's safety. Staff queried Plaintiff's genuineness of his state of fear, which Plaintiff denied. And if he had not denied, Plaintiff would have been placed in the hole again for safety purposes.

Plaintiff was injured because of the threat and fear of being harmed was real. And although Plaintiff has not incurred actual physical assault, the prospect of such a threat looms. Plaintiff is left in a state of fear and anxiety, mental turmoil and daily robbed a peace of mind all of which has an adverse effect on the recovery stages of his current medical condition.

As remedies, Plaintiff asks for compensatory and punitive damages.

**C.     Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

**Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is relatively short, but it is not a plain statement of his claims. While it identifies the specific claims, the allegations are conclusory as to what happened and who was involved. Plaintiff must clearly state factual support for what happened, when it happened, and who was involved. Plaintiff uses the word "they" and "defendants" when describing what happened to him and it is unclear which defendants engaged in harm. Plaintiff does not allege what each defendant did or did not do to violate his rights. General assertions regarding Plaintiff's

4

rights are not sufficient, and Plaintiff may not merely state he was denied rights without stating the factual support for denial of those rights

In addition, Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Plaintiff must link each defendant to purported constitutional violations.

### Plaintiff cannot Represent Others

It is unclear from the allegations, but it appears Plaintiff seeks to represent other inmates. Plaintiff may not do so. A non-attorney proceeding pro se may bring his own claims to court, but he may not represent others. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (constitutional claims are personal; non-attorney has no authority to appear as an attorney for others than himself); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Therefore, this action will be construed as an individual civil suit brought by Plaintiff.

### Supervisory Liability

Insofar as Plaintiff is attempting to sue Defendant Sheriff Youngblood or Chief of Facilities Operations, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at

5

570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff does not allege that Defendant Youngblood or Chief of Facilities Operations was personally involved in any constitutional deprivation. Further, Plaintiff fails to identify any policy sufficient to impose liability against Defendant Youngblood or Chief of Facilities Operations. Plaintiff's conclusory allegations are insufficient.

**Conditions of Confinement**

It is unclear if Plaintiff is a convicted inmate or a pretrial detainee. The Eighth Amendment applies only to post-conviction inmates. Consequently, the Court shall review the Fourteenth Amendment jurisprudence for Plaintiff. *Bell v. Wolfish*, 441 U.S. 520, 535, n.16 (1979) (holding that when pretrial detainees challenge the condition of their confinement, the question is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment); *see also Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing *Bell*, 441 U.S. at 535 n.16) (holding that the claims of pretrial detainees "are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment."). There is no bright line test to determine if or when an inmate is constitutionally entitled to recreation time/outdoor exercise. *See Norbert v. City & Cnty. of San Francisco*, 10 F.4th 918, 933 (9th Cir. 2021). For screening purposes, some district courts have found that inmates have stated potential constitutional conditions of confinement claims based on allegations that prison officials instituted modified program operations in response to the COVID-19

6

pandemic that severely restricted outdoor exercise. *E.g., Marti v. Manning*, No. 2:21-CV-01829 DB P, 2022 WL 4348289, at \*6 (E.D. Cal. Sept. 19, 2022) (citing collected cases). "Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015).

Under the Supreme Court's decision in *Bell*, a jail's primary obligations are to provide "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Bell*, 441 U.S. at 529 n.11. The Ninth Circuit has held that courts must consider the conditions of confinement and has confirmed, "time and time again, that the Constitution requires jail officials to provide outdoor recreation opportunity, *or otherwise meaningful recreation,* to prison inmates." *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018) (emphasis added).

Here, the complaint does not allege sufficient facts to state a claim based on the alleged denial of outdoor recreation or exercise. First, Plaintiff does not allege factual support that jail officers failed to provide outdoor recreation or otherwise meaningful recreation.  It appears some recreation is offered.  Plaintiff merely complains that the amount of time was reduced.  Next, Plaintiff does not allege any injury he suffered from the inability to go outside. Plaintiff cannot state a constitutional claim based on his conditions of confinement without setting forth a specific injury that he suffered as a result. *See Rizzo*, 423 U.S. at 371-72, 377. Third, Plaintiff has not sufficiently linked any individual defendant's actions or omissions to the restriction on outdoor exercise that he suffered.

Although the Constitution provides that jails cannot deny inmates the opportunity for exercise, the Ninth Circuit has declined to determine that the Constitution requires a specific minimum amount of time for recreation for pretrial detainees. *See Pierce v. County of Orange*, 526 F.3d 1190, 1212 (9th Cir. 2008); *Pierce v. City & Cnty. of San Francisco*, No. 19-CV-07659-JSW, 2022 WL 17418974, at \*3 (N.D. Cal. Dec. 5, 2022) (the Court finds that the provision of three hours of indoor recreation time per week, distributed over time, does not violate constitutional limitations and is what the applicable state regulations require).  Therefore, the reduction of recreation time as Plaintiff describes does not violate the Constitution.  Moreover,

the reduction of recreation time appears to serve a penological interest as Plaintiff alleges it was meant to give inmates more time to sleep.

### *Monell* Liability

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 691 (1978); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Webb v. Sloan*, 330 F.3d 1158, 1163–64 (9th Cir. 2003). Rather, a local government unit may only be held liable if it inflicts the injury complained of. *Monell*, 436 U.S. at 694; *Gibson*, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989). Under Section 1983, a plaintiff must allege: (1) that the plaintiff was deprived of a constitutional right; "(2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. *Gibson*, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." *Id.* Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." *Id.*

This rule has been extended to Sheriff's Departments. Specifically, "municipalities, including counties and their sheriff's departments, can only be liable under § 1983 if an unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.' " *Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014); *Rodarte v. Merced Cnty. Sheriff Dep't*, No. 1:25-CV-

00484-EPG (PC), 2025 WL 2549258, at *2 (E.D. Cal. Sept. 4, 2025) (Sheriff's Department is not liable merely because it employed deputies who themselves violated Plaintiff's constitutional rights).

Here, although Plaintiff names the County of Kern and Sheriff's Department as defendants, he makes no allegations that would sustain liability under *Monell*. He does not allege facts to support a claim that an alleged constitutional violation was the result of a deliberate policy, custom, or practice which itself was in deliberate indifference to constitutional rights.

**Failure to Protect – Fourteenth Amendment**

Plaintiff also fails to allege facts for a constitutional failure to protect claim.

"Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016). In *Castro*, the Ninth Circuit provided the elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1071. "To satisfy the third element, the plaintiff must show that the defendant's actions were 'objectively unreasonable,' which requires a showing of 'more than negligence but less than subjective intent—something akin to reckless disregard.' " *Sandoval v. County of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021).

As described above, Plaintiff has failed to allege that County of Kern or Sheriff's Department instituted a policy that led to Plaintiff not being protected. In addition, Plaintiff does not allege facts showing that anyone, including the Sheriff's Department, made an intentional

decision to put Plaintiff at substantial risk of serious harm. Although Plaintiff states that a policy was changed to reduce the number of check ins and reduce the recreation time which was related to a lawsuit filed by Plaintiff and others, Plaintiff does not provide any specific facts that such conduct put him at risk. His conclusory allegations are insufficient.

**Retaliation**

Plaintiff also fails to allege facts for a First Amendment retaliation claim.

"[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). A plaintiff can plead the fifth element "by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious ... or that they were 'unnecessary to the maintenance of order in the institution.' " *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (citations omitted).

Plaintiff's complaint fails to allege that the Kern County or the Sheriff's Department had a policy in place that led to Plaintiff being retaliated for conduct protected by the First Amendment. Moreover, Plaintiff fails to identify anything he did that was protected by the First Amendment, nor any action done in retaliation for any constitutionally protected conduct. Finally, the reduction of recreation time appears to serve a penological interest as Plaintiff alleges it was meant to give inmates more time to sleep.

**Doe Defendants**

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

///

10

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

#### B. Discussion

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes

11

progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's December 17, 2025 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 6.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.     Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be**

**considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 27, 2026**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

13